■ ELLENVILLE VENDING COMPANY, INC., Respondent, v S & G DISTRIBUTION NORTH, a Division of GRAND UNION COMPANY, Appellant. [617 NYS2d 949] —Cardona, P. J. Appeal from an order of the Supreme Court (Torraca, J.), entered January 24, 1994 in Ulster County, which, *inter alia,* partially granted plaintiff's motion for summary judgment.

On or about May 15, 1992 the parties entered into a written agreement giving plaintiff exclusive vending and food service rights at defendant's business facilities located in the Town of Montgomery, Orange County. Defendant concedes that it orally terminated the contract prior to July 15, 1992, the date specified as the "[b]eginning date". Supreme Court granted partial summary judgment in favor of plaintiff in this breach of contract action deeming four facts established for all purposes in the action. The court found (1) the letter agreement to be a binding contract, (2) the term was to be a minimum of 90 days to commence July 15, 1992, (3) the agreement was terminable at will by either party upon 30 days' written notice at any time given after the 90-day minimum term, and (4) defendant failed to perform the conditions required on its part and therefore breached the contract. The motion was denied in all other respects, i.e., plaintiff's request for an inquest to determine damages was not granted.

In this appeal, defendant contends that the subject contract is one for exclusive services without provision for termination other than for cause and as such is either unenforceable, terminable at will or has been terminated. Notwithstanding this argument, it is clear that the contract specifically provided that it could not be terminated for at least 90 days following the commencement date, July 15, 1992. Defendant concedes that it terminated *"prior* to the commencement date". In the face of this anticipatory breach, no question of fact was presented and Supreme Court correctly held the contract had been breached by defendant. Defendant's argument that the absence of a specific duration rendered the contract terminable at will by either party *(see, Greenwich Vil. Beverage v Food Merchandisers,* 8 AD2d 719; *see also,* 22 NY Jur 2d, Contracts, § 424, at 344) is inapposite. Moreover, we do not find it appropriate, in the presence of defendant's anticipatory breach, to reach the application of the rule set forth in *Haines v City of New York* (41 NY2d 769), which

enables a court in the absence of the clearly expressed duration of a contract to "supply the missing term if a duration may be fairly and reasonably fixed by the surrounding circumstances and the parties' intent" *(supra,* at 772).

Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.